UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS BRAUGHTON** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **REDLINE RECOVERY SERVICES, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Curtis Braughton, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Curtis Braughton, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Curtis Braughton ("Plaintiff") is an adult natural person residing at 735 Key City Drive, Billings, Montana 59105.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Redline Recovery Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 2350 North Forest Road, Suite 31B, Getzville, NY  14068 and a registered office located at 2704 Commerce Drive, Harrisburg, PA  17110.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about September 25, 2009, Plaintiff's father received a call to his home from Defendant in regards to a debt that his son allegedly owed to Bank of America. Defendant asked Plaintiff's father for his son's cell phone number stating that there was a lawsuit against his son and that he needed to contact him to be able to help him.

8. On that same call, Defendant's agent told Plaintiff's father that his son had until the end of the month to handle this debt or there was going to be "serious consequences".  Plaintiff's father got scared and gave the Defendant's agent his son's cell phone number.

9. On or about September 28, 2009, Plaintiff received an e-mail letter from Defendant's agent, "Bob Stewart", offering to settle the Plaintiff's account for a reduced balance of $8,263.00.  Defendant's agent "Bob Stewart", listed that the acceptance period expiration date for this offer was September 29, 2009.  **See Exhibit "A" (e-mail) attached hereto.**

10. On or about September 29, 2009, Plaintiff began receiving calls from Defendant to his home and personal cell phone in regards to the alleged debt owed to Bank of America for around $12,800.00.

11. On that same call, Plaintiff informed the Defendant that he was being represented by the firm of Persels & Associates to help him settle his outstanding debt and that Defendant should contact them directly.

12. Defendant informed the Plaintiff that they would not in any way work with Persels & Associates and that if the Plaintiff did not make arrangements on that day that he would be sued.

13. On that same day, September 29, 2009, Persels & Associates sent a cease and desist letter to the Defendant reiterating that they were handling the settlement of the Plaintiff's debt and that Defendant needed to stop any further direct contact with the Plaintiff. **See Exhibit "B" (the letter) attached hereto.**

14. On or about the end of September, 2009, Plaintiff received a call from a company by the name of **"Purcell & Associates".** They are a law firm based out of California that is not connected in any way to Persels & Associates, LLC.

15. On that call, **"Purcell & Associates"** informed the Plaintiff that they had been contacted by Defendant's agent, "Bob Stewart", who informed them that Plaintiff was being sued. **"Purcell & Associates"**, told the Plaintiff that "Redline was the real deal, and there was nothing that they could do to help him". Persels & Associates believes that Defendant may have contacted this firm in error.

16. Defendant's agent, "Bob Stewart", called the Plaintiff again wanting to know when the Plaintiff would be making payment. Plaintiff told the Defendant's agent that he could not make payments at this time. Defendant's agent, "Bob Stewart", told the Plaintiff that he was to be taken seriously and that he could expect to be sued now.

17. Plaintiff again asked Defendant's agent, "Bob Stewart", to call Persels & Associates. Defendant's agent, "Bob Stewart", stated that there was nothing that they could do to help him, and hung-up on the Plaintiff.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any money |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer consumer's attorney or credit bureau concerning the debt |
| §§ 1692c(c) | After written notification that consumer refuses to pay, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |

| | |
|---|---|
| §§ 1692d(2) | Profane language or abusive language |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Redline Recovery Services, LLC and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**
           **WARREN & VULLINGS, LLP**

**Date:  January 12, 2010**   **BY: /s/ Brent F. Vullings**

           Brent F. Vullings, Esquire
           Warren & Vullings, LLP
           1603 Rhawn Street
           Philadelphia, PA  19111
           215-745-9800   Fax 215-745-7880
           Attorney for Plaintiff